COMMERCIAL INV. TRUST, INC., Respondent, v. WESLING, et al, Appellants.

(220 N. W. 855.)

(File No. 6109. Opinion filed July 28, 1928.)

*M. C. Lusell,* of Aberdeen, for Appellant.
*Campbell & Fletcher,* of Aberdeen, for Respondent.

BROWN, J.  On May 28, 1923, Joe Fischback made a conditional sales contract with defendant Wesling for the sale of a Nash sedan for the sum of $1,260, of which $630 was paid in cash and a note given for the other $630, due in six months from date.  By the terms of the written contract title remained in the seller until the note was fully paid, at which time title should pass to Wesling. On the same day that the deal was made, Fischback indorsed the note, and in writing assigned the contract, to plaintiff.  In the latter part of November, 1923, Fischback retook the car without defendant's consent, and it has not been returned to defendant.  In June, 1924, plaintiff commenced this action on the note for $630. Wesling answered, admitting the execution of the note, and setting up the conditional sales contract, a copy of which was attached to his answer as part thereof, alleged the transfer and assignment of the note and conditional sales contract to plaintiff, and that plaintiff retook the car without defendant's consent in November, 1923, and had not complied with any of the provisions of sections 17 to 22, inclusive, of the Uniform Conditional Sales Act, and as a

counterclaim alleged damages in the sum of $630 by reason of the refusal of plaintiff to resell the car under the provisions of the Conditional Sales Act.

■ At the commencement of the trial defendant demanded the right to open and close, which was objected to by plaintiff and denied by the court. Plaintiff contends that this ruling was correct because, although the execution of the note was admitted, plaintiff still had to prove the nonpayment of the note. In this he is mistaken. Payment is an affirmative defense. Defendant was entitled to open and close, and the court's denial of this right was error.

Defendant endeavored to show by his own testimony and that of Fischback that Fischback retook possession of the car as agent for and on behalf of plaintiff and by virtue of the conditional sales contract, but all testimony of this character was excluded on objection of plaintiff that agency could not be proved by the witness and that plaintiff, by commencing this action on the note alone and asking no relief as to the security, had waived the security, and therefore any evidence regarding the contract was irrelevant and immaterial. From a judgment on a directed verdict against him for $685.12 and costs, and from an order denying a new trial, defendant Wesling appeals.

■ We are referred to no authority, and we know of none, sustaining the proposition that agency cannot be proven by the testimony of a witness, whether the witness be the agent himself, or some one else.

■ Respondent contends that the refusal of the court to allow any evidence under the answer was proper, because, notwithstanding the provisions of the Conditional Sales Act, defendant was under the necessity of setting up a wrongful conversion of the car by plaintiff, that all of the allegations essential to a cause of action in conversion should have been set out in the answer to entitle defendant to give any evidence under it, and says:

"The purported answer and counterclaim wholly fails to set up any of the essentials in an action for conversion. The words 'wrongfully' and 'unlawfully' appear nowhere therein."

Seasoning a pleading with such epithets as "wrongfully" and "unlawfully" may improve its flavor according to some tastes, but ordinarily adds nothing whatever to its strength.

▇ That the law gives to one selling goods the right to both retake the property and keep or recover the full price may give a vendor credulous enough to believe it a highly comfortable feeling while it lasts, but such is not the law.

▇ By the provisions of section 1 of the Conditional Sales Act, "seller" includes not only the person who sells the goods, but "any legal successor in interest of such person." Plaintiff was therefore the seller of the goods so far as Wesling was concerned, and, if plaintiff, as the answer alleges and as the defendant, by competent testimony, attempted to prove, retook the car before the commencement of the action and failed to resell it pursuant to the provisions of the act, defendant, having paid 50 per cent of the purchase price, was entitled to recover his actual damages, which, in no event, should have been less than one-fourth of the $630 he had already paid under the contract, with interest. Laws of 1919, c. 137, § 25.

The judgment and order appealed from are reversed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.